**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**Case No.: 18-90021**

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | PLAINTIFF/ RESPONDENT |
| VS. | |
| FOWLKES PLUMBING, LLC, QUALITY HEAT & AIR, INC., and SULLIVAN ENTERPRISES, INC. | DEFENDANTS/ PETITIONERS |

**AMENDED MOTION TO DISMISS PETITIONERS' PETITION FOR PERMISSION TO APPEAL UNDER § 1292(b) AND MOTION TO CERTIFY QUESTION TO THE SUPREME COURT OF MISSISSIPPI FOR LACK OF JURISDICTION**

SALTZ MATKOV P.C.

/s/ Jay M. Goldstein
Jay M. Goldstein
NC Bar No.: 22721
Albert S. Nalibotsky
NC Bar No.: 19478
6805 Morrison Blvd., Suite 470
Charlotte, North Carolina 28211
Phone: 704-910-2680

/s/ Lana E. Gillon
Lana E. Gillon
MS Bar No.: 9548
Wells Marble & Hurst, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, MS 39157
Telephone: 601-606-6900
Facsimile: 601-605-6901

*Counsel for Plaintiff/Respondent*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

Liberty Mutual Fire Insurance Company, Plaintiff/Respondent.

Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc.

LMHC Massachusetts Holdings Inc. owns 100% of the stock of Liberty Mutual Group Inc.

Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Fire Insurance Company.

None of the above entities are public companies.

Jay M. Goldstein and Albert S. Nalibotsky, Saltz Matkov P.C., attorneys for Plaintiff/Respondent.

Lana E. Gillon, Wells Marble & Hurst, PLLC, attorneys for Plaintiff/Respondent.

Fowlkes Plumbing, LLC, Defendant/Petitioner.

Richard T. Lawrence, Watkins & Eager PLLC, attorney for Defendant/Petitioner Fowlkes Plumbing, LLC.

Quality Heat & Air, Inc., Defendant/Petitioner.

Marc A. Biggers and Steven C. Cookston, Upshaw Williams Biggers & Beckham, LLP, attorneys for Defendant/Petitioner Quality Heat & Air, Inc.

Sullivan Enterprises, Inc., Defendant/Petitioner.

Brian Hinton and Thomas Wright, Anderson, Crawley & Burke, PLLC, attorneys for Defendant/Petitioner Sullivan Enterprises, Inc.

Samuel C. Kelly and Lane Bobo, Brunini Attorneys at Law, attorneys for Defendant/Petitioner Sullivan Enterprises, Inc.

/s/ Jay M. Goldstein
JAY M. GOLDSTEIN
ALBERT S. NALIBOTSKY
Counsel of Record for Respondent Liberty Mutual Fire Insurance Company

/s/ Lana E. Gillon
LANA E. GILLON
Counsel of Record for Respondent Liberty Mutual Fire Insurance Company

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................ ii

TABLE OF AUTHORITIES .................................................... v

AMENDED MOTION TO DISMISS ........................................... 1

CERTIFICATE OF SERVICE ................................................. 7

# TABLE OF AUTHORITIES

## CASES

*Aparicio v. Swan Lake* 643 F.2d 1109, 1111 (5th Cir. 1981)……………….. 3, 4

*Aucion v. Matador Services, Inc*., 749 F.2d 1180,1181 (5th Cir. 1985)…….. 4

## STATUTES

28 U. S. C. § 1292 (b)…………………………………………………….... 2

## FEDERAL RULES OF APPELLATE PROCEDURE

FRAP 5 APPEAL BY PERMISSION……………………………………..... 2

FRAP 26 COMPUTING AND EXTENDING TIME ……………………... 3

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**Case No.: 18-90021**

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | PLAINTIFF/ RESPONDENT |
| VS. | |
| FOWLKES PLUMBING, LLC, QUALITY HEAT & AIR, INC., and SULLIVAN ENTERPRISES, INC. | DEFENDANTS/ PETITIONERS |

**AMENDED MOTION TO DISMISS PETITIONERS' PETITION FOR PERMISSION TO APPEAL UNDER § 1292(b) AND MOTION TO CERTIFY QUESTION TO THE SUPREME COURT OF MISSISSIPPI FOR LACK OF JURISDICTION**

TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:

Respondent Liberty Mutual Fire Insurance Company files this Motion to Dismiss Petitioners' Petition for Permission to Appeal Under § 1292 and Motion To Certify Question to the Supreme Court of Mississippi (hereafter referred to as "Petition for Permission to Appeal") as it is untimely:

1. Petitioners filed their Petition for Permission to Appeal in this Court on May 18, 2018 seeking permission to appeal the District Court's denial of summary judgment.

2. The District Court entered its Order granting the Petitioners' Motion for Certification for Interlocutory Appeal on May 7, 2018. *See* Appendix 1 attached to Petitioners' Petition for Permission to Appeal.

3. Rule 5 of the Federal Rules of Appellate Procedure provides as follows:

> FRAP 5. APPEAL BY PERMISSION
>
> (a) Petition for Permission to Appeal.
>
> (1) ********
>
> (2) The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.

4. The statute governing the timing of the filing a petition for permission to file an interlocutory appeal is 28 U. S. C. § 1292 (b). The relevant portion of this section setting forth the time in which such a petition must be filed states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. **The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order**:.(Emphasis added)

5. Rule 26 of the Federal Rules of Appellate Procedure provides as follows:

FRAP 26 COMPUTING AND EXTENDING TIME

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

1. Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

6. The application of the above cited rules of Appellate Procedure and the statutory provision governing the period of time for filing a permission to appeal required Petitioners' to have filed their Petition for Permission to Appeal within 10 days from May 7, 2018, the day the District Court entered its Order granting Petitioners'' Motion for Certification for Interlocutory Appeal.

7. Petitioners' Petition for Permission to Appeal was not filed with this Court until May 18, 2018.

8. The Petitioners' untimely filing of their Petition for Permission to Appeal deprives this Court of jurisdiction to hear this appeal. As this court stated in *Aparicio v. Swan Lake,* 643 F.2d 1109, 1111 (5th Cir. 1981):

> Failure to file an application for permission to appeal from an interlocutory order containing the certification statement within the ten-

> day period prescribed by 28 U.S.C. § 1292(b) and Rule 5(a), Fed.R.App.P., is a jurisdictional defect that deprives the appellate court of power to entertain the appeal. The Federal Rules of Appellate Procedure specifically preclude enlargement of this period by the court of appeals, Rule 26(b), Fed.R.App.P., and there is no statutory authority allowing the district court to extend the time period. 9 Moore's Federal Practice P 205.03(2), at 5-8 (2d ed. 1980).

9. This Court in *Aucion v. Matador Services, Inc*., 749 F.2d 1180,1181 (5th Cir. 1985) reiterated its holding in *Aparicio* when the Court stated that "in the absence of a timely request for permissive appeal under Fed.R.App.P. 5(a), we lack jurisdiction to consider granting a discretionary appeal."

10. This Court lacks jurisdiction to hear this appeal from an interlocutory order. Hence, Petitioner's Petition for Permission to Appeal should be dismissed.

11. On May 24, 2018, Respondent filed its Motion to Dismiss the Petition for Permission to Appeal. The motion was certified as being opposed as the Petitioners informed Respondent's counsel that the Petitioners opposed the motion. *See* Attached email dated May 24, 2018 marked Exhibit A.

12. On the same day that Petitioners advised Respondent that they opposed the Motion to Dismiss, they filed in the District Court a motion to recertify the very same order that is presently subject to the pending Petition for Permission to Appeal. *See* Defendants' Motion to Recertify Order Granting Petition for Interlocutory Appeal at attached as Exhibit B.

13. In this newly filed motion in the District Court, the Petitioners/Defendants admit that their pending Petition for Permission to Appeal filed in this Court was untimely, yet they have taken no action to advise the Court that they no longer oppose the Motion to Dismiss or taken action to withdraw their Petition for Permission to Appeal which they concede was untimely filed depriving this Court of jurisdiction to hear their appeal.

14. Upon the service of the newly filed Motion to Recertify Order Granting Petition for Interlocutory Appeal by the Respondent, Respondent's counsel asked Petitioners' counsel if they intended to advise this Court they no longer opposed the original Motion to Dismiss or withdraw their Petition for Permission to Appeal now that they admit that their Petition for Permission to Appeal was untimely filed which deprives this Court of jurisdiction to hear their appeal. *See* attached email marked Exhibit C.

15. Petitioners' counsel responded that they still intended to go forward with a response to the original Motion to Dismiss even though in their refiled motion in the District Court they concede the underlying basis of the original Motion to Dismiss.

Wherefore, for the foregoing reasons, Respondent Liberty Mutual Fire Insurance Company respectfully requests that Petitioners' Petition for Permission to Appeal be dismissed.

Respectfully submitted this 25th day of May, 2018.

SALTZ MATKOV P.C.

/s/ Jay M. Goldstein
Jay M. Goldstein
NC Bar No.: 22721
Albert S. Nalibotsky
NC Bar No.: 19478
6805 Morrison Blvd., Suite 470
Charlotte, North Carolina 28211
Phone: 704-910-2680
Email: jgoldstein@saltzmatkov.com
analibotsky@saltzmatkov.com

/s/ Lana E. Gillon
Lana E. Gillon
MS Bar No.: 9548
Wells Marble & Hurst, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, MS 39157
Telephone: 601-606-6900

*Counsel for Plaintiff/Respondent*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was caused to be served electronically upon the following counsel of record through the CM/ECF system, on this the 25th day of May, 2018.

Richard T. Lawrence
Watkins & Eager PLLC
P.O. Box 650
Jackson, MS 39205

Marc A. Biggers
Steven C. Cookston
Upshaw Williams Biggers & Beckham, LLP
P.O. Box 8230
Greenwood, MS 38935-8230

Brian A. Hinton
Thomas Wright
Anderson Crawley & Burke, PLLC
P.O. Box 2540
Ridgeland, MS 39158

Samuel C. Kelly
R. Lane Bobo
Brunini Grantham Grower & Hughes, PLLC
P.O. Drawer 119
Jackson, MS 39205

Attorneys for Defendants/Petitioners

/s/ Jay M. Goldstein
Jay M. Goldstein

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**Case No.: 18-90021**

LIBERTY MUTUAL FIRE INSURANCE COMPANY PLAINTIFF/ RESPONDENT

VS.

FOWLKES PLUMBING, LLC, QUALITY HEAT & AIR, INC., and SULLIVAN ENTERPRISES, INC. DEFENDANTS/ PETITIONERS

**Attorney Certification of Conferring in Good Faith**

I have contacted opposing counsel for the Petitioners who advised that the Petitioners oppose the Amended Motion to Dismiss the Petition for Permission to Appeal.

Dated: May 25, 2018

CERTIFIED TO THE COURT BY:

/s/ Jay M. Goldstein
PHV
North Carolina Bar No.: 22721
Counsel of Record for Respondent Liberty Mutual Fire Insurance Company

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**Case No.: 18-90021**

LIBERTY MUTUAL FIRE INSURANCE COMPANY PLAINTIFF/ RESPONDENT

VS.

FOWLKES PLUMBING, LLC, QUALITY HEAT & AIR, INC., and SULLIVAN ENTERPRISES, INC DEFENDANTS/ PETITIONERS

**Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1. This document complies with [the type-volume limit of Fed.R.App.P. the word limit of Fed.R.App.P. 5(b) because, excluding the parts of the document excepted by Fed.R.App.P. 32(f)]:

this document contains 1,999 words.

2. This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(6) because:

this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point.

/s/ Jay M. Goldstein

Attorney for Plaintiff/Respondent Liberty Mutual Fire Insurance Company

Dated: May 25, 2018

**From:** "Richard T. Lawrence" <rlawrence@watkinseager.com>
**Date:** Thursday, May 24, 2018 at 9:51 AM
**To:** Jay Goldstein <jgoldstein@saltzmatkov.com>
**Cc:** "scookston@upshawwilliams.com" <scookston@upshawwilliams.com>, "skelly@brunini.com" <skelly@brunini.com>, "twright@acblaw.com" <twright@acblaw.com>, "lbobo@brunini.com" <lbobo@brunini.com>, "analibotsky@saltzmatkov.com" <analibotsky@saltzmatkov.com>, "lgillon@wellsmarble.com" <lgillon@wellsmarble.com>, "bhinton@acblaw.com" <bhinton@acblaw.com>, "mbiggers@upshawwilliams.com" <mbiggers@upshawwilliams.com>
**Subject:** RE: Liberty Mutual Fire Insurance Company v. Fowlkes Plumbing, LLC, et al

Jay:

Of course, after receiving Liberty Mutual's proposed motion and your response to my inquiries yesterday, the defendants needed time to confer.
We have now conferred and you may advise the court that the motion is opposed.

Thank you.

Dick

EXHIBIT
tabbies
A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY** — **PLAINTIFF**

**V.** — **CIVIL ACTION NO. 1:17cv10-GHD-DAS**

**FOWLKES PLUMBING, LLC, ET AL.** — **DEFENDANTS**

**DEFENDANTS FOWLKES PLUMBING, LLC, SULLIVAN ENTERPRISES, INC. AND QUALITY HEAT & AIR, INC.'S MOTION TO RECERTIFY ORDER GRANTING PETITION FOR INTERLOCUTORY APPEAL**

COME NOW the Defendants Fowlkes Plumbing, LLC, Sullivan Enterprises, Inc. and Quality Heat & Air, Inc. ("Defendants") and move the Court to recertify the Order Granting Defendants' Motion for Certification for Interlocutory Appeal [Doc. #138] ("Order"), and in support thereof would show unto the Court the following:

1.

On May 7, 2018, the Court entered the memorandum opinion (Doc. #139] and order [Doc. #138] granting defendants' Motion for Permission to Appeal the Orders Denying Defendants' Motion for Summary Judgment and Reconsideration [Doc. #114, #125[.

2.

On May 18, 2018, Defendants filed with the United States Court of Appeals for the Fifth Circuit a Petition for Permission to Appeal ("Petition") which is pending as Case Number 18-90021. See email attached as Exhibit "1."

EXHIBIT
tabbies
B

3.

Today, Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed a Motion to Dismiss Petition ("Motion to Dismiss") in the Fifth Circuit because Defendants' Petition was filed one day late. (See Exhibit "2") The Motion to Dismiss states that the Petition was filed on the eleventh day after the entry of the district court's order granting petitioners' motion for certification for interlocutory appeal and the Petition should have been filed by the tenth day.

4.

The undersigned counsel for Fowlkes Plumbing agreed to prepare the Petition on behalf of the Defendants. The undersigned counsel believed Defendants' petition for interlocutory appeal was due in the Fifth Circuit fourteen days after this court's order based on the following language from Federal Rule of Appellate Procedure 5(d) which states:

> **(d)** ***Grant of Permission; Fees; Cost Bond; Filing the Record.***
>
> (1) Within 14 days after the entry of the order granting permission to appeal, the appellant must:
>
> (A) pay the district clerk all required fees; and
> (B) file a cost bond if required under Rule 7.
>
> (2) A notice of appeal need not be filed. The date when the order granting permission to appeal is entered serves as the date of the notice of appeal for calculating time under those rules.
>
> (3) The district clerk must notify the circuit clerk once the petitioner has paid the fees. Upon receiving this notice, the circuit clerk must enter the appeal on the docket. The record must be forwarded and filed in accordance with Rules 11 and 12(c).

5.

The undersigned counsel for Fowlkes docketed the petition for interlocutory appeal as being due on May 21, 2018. A copy of the docket report is attached hereto as Exhibit "3."

6.

The undersigned counsel now realizes that he mistakenly believed the Petition was due fourteen days after the Order was entered when, in fact, the Petition was due ten days after the Order was entered. The undersigned counsel for Fowlkes apologizes to the court and all counsel for his mistake. The undersigned counsel respectfully requests the court not to punish his client and the co-defendants for his error in docketing the due date.

7.

Although the issue has not been decided by the Supreme Court, in *Aparicio v. Swan Lake*, 643 F.2d 1109 (5th Cir. 1981), the court held that the failure to file an application for permission to appeal from an interlocutory order containing the certification statement within the ten day period prescribed by 28 U.S.C. § 1292(b) is a jurisdictional defect. *Id* at 1111.

8.

The Fifth Circuit has indicated that the appropriate procedure to follow if a party's petition for interlocutory appeal is not timely filed in the circuit court is for the party to file a motion seeking recertification with the district court. For example, the Fifth Circuit in *Aparicio* held that if the original petition is not timely filed with the circuit court, the district court retains jurisdiction and: "if the district court, upon reconsideration of the Section 1292(b) criteria for certification of an interlocutory appeal, determines that the previous justification for a certification continues to exist, it may reenter the interlocutory order and thus trigger a new ten-day period." *Id.*

9.

In the present case, Defendants respectfully submit that the Section 1292(b) criteria for certification of this appeal which resulted in this court entering its previous Order continue to exist. No material facts have changed since the Court's May 7, 2018 order. Therefore, Defendants respectfully request the court to reenter the interlocutory order permitting an interlocutory appeal pursuant to Section 1292(b) and thus trigger a new ten-day period. *Aparicio v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir. 1981)

**RESPECTFULLY SUBMITTED**, this the 24th day of May, 2018.

FOWLKES PLUMBING, LLC

/s/ Richard T. Lawrence
Richard T. Lawrence (MSB No. 1102)
WATKINS & EAGER PLLC
P. O. Box 650
Jackson, MS 39205-0650
Telephone: 601-965-1900
rlawrence@watkinseager.com

SULLIVAN ENTERPRISES, INC.

/s/ Brian A. Hinton
Brian A. Hinton (MSB No. 99173)
Thomas M. Wright (MSB No. 103166)
ANDERSON CRAWLEY & BURKE, PLLC
Post Office Box 2540
Ridgeland, MS 39158
BHinton@ACBLaw.com
TWright@ACBLaw.com

Samuel C. Kelly (MSB No. 7496)
R. Lane Bobo (MSB No. 105263)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, MS 39205
skelly@brunini.com
lbobo@brunini.com

QUALITY HEAT & AIR, INC.

/s/ Marc A. Biggers
Marc A. Biggers (MSB No. 2533)
Steven C. Cookston (MSB No. 99137)
UPSHAW, WILLIAMS, BIGGERS & BECKHAM, LLP
Post Office Box 8230
Greenwood, MS 38935-8230
mbiggers@upshawwilliams.com
scookston@upshawwilliams.com

## CERTIFICATE OF SERVICE

I, Richard T. Lawrence, hereby certify that a copy of the above and foregoing has been served on the attorneys of record by use of the Court's CM/ECF system which will provide notice of filing on this **24th** day of **May, 2018**.

/s/ Richard T. Lawrence
RICHARD T. LAWRENCE

**From:** cmecf_caseprocessing@ca5.uscourts.gov [mailto:cmecf_caseprocessing@ca5.uscourts.gov]
**Sent:** Monday, May 21, 2018 8:54 AM
**To:** Richard T. Lawrence <rlawrence@watkinseager.com>
**Subject:** 18-90021 Liberty Mutual Fire Insurance v. Fowlkes Plumbing, L.L.C., et al "Motion Filed on Behalf of Party for permission to appeal"

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**United States Court of Appeals for the Fifth Circuit**

**Notice of Docket Activity**

The following transaction was entered on 05/21/2018 at 8:52:44 AM CDT and filed on 05/18/2018

**Case Name:** Liberty Mutual Fire Insurance v. Fowlkes Plumbing, L.L.C., et al
**Case Number:** 18-90021
**Document(s):** Document(s)

**Docket Text:**
OPPOSED MOTION filed by Petitioners Fowlkes Plumbing, L.L.C., Quality Heat & Air, Incorporated and Sullivan Enterprises, Incorporated for permission to appeal [8780334-2] pursuant to 1292 (b). Date received in 5th Circuit: 05/18/2018, to certify question to Supreme Court of Mississippi [8780334-3]. Date of service: 05/18/2018 Response/Opposition due on 05/29/2018. [18-90021] (RLL)

**Notice will be electronically mailed to:**

Mr. Robert Lane Bobo: lbobo@brunini.com
Mr. Steven Cavitt Cookston: scookston@upshawwilliams.com, bgmakamson@upshawwilliams.com
Ms. Lana E. Gillon: lgillon@wellsmar.com
Mr. Jay Mark Goldstein: jmgoldstein@jmgoldsteinlaw.com, sjohnson@saltzmatkov.com
Mr. Brian A. Hinton, Attorney: bhinton@acblaw.com, DHefner@ACBLaw.com, TBailey@ACBLaw.com, TWright@ACBLaw.com
Mr. Samuel Clayton Kelly, Sr., Attorney: skelly@brunini.com, csimmons@brunini.com, mgray@brunini.com
Mr. Richard Thurman Lawrence: rlawrence@watkinseager.com, lwilson@watkinseager.com
Mr. Albert Sanford Nalibotsky: analibotsky@saltzmatkov.com, sjohnson@saltzmatkov.com



**EXHIBIT "1"**

**NOTICE WILL BE DELIVERED BY OTHER MEANS TO:**

Mr. Marc A. Biggers
Upshaw Williams Biggers & Beckham, L.L.P.
309 Fulton Street
Greenwood, MS 38930

Mr. Thomas M. Wright, Jr.
Anderson, Crawley & Burke, P.L.L.C.
216 Draperton Court
Ridgeland, MS 39157-0000

The following document(s) are associated with this transaction:
**Document Description:** Motion Filed on Behalf of Party
**Original Filename:** 18-90021_Petition Permission to Appeal 1292(b) #01.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105048708 [Date=05/18/2018] [FileNumber=8780334-0]
[9310c3d28f18a55da925102eae855490939edc12f28f60467f74ee949643bf21c3557893a91a58ce91ddaabd6149
5356bb07706ae861fdcb0ef340e285a67e40]]

**Subject:** FW: Liberty Mutual Fire Insurance Company, as subrogee of Chickasaw County School District v. Fowlkes Plumbing, LLC, et al.

**Attachments:** Opposed Motion to Dismiss Petitioners' Petititon.pdf

**From:** Susan Johnson [mailto:sjohnson@saltzmatkov.com]
**Sent:** Thursday, May 24, 2018 10:32 AM
**To:** Richard T. Lawrence <rlawrence@watkinseager.com>; bhinton@acblaw.com; twright@acblaw.com; mbiggers@upshawwilliams.com; scookston@upshawwilliams.com; skelly@brunini.com; lbobo@brunini.com
**Cc:** jgoldstein@saltzmatkov.com; Albert Nalibotsky <analibotsky@saltzmatkov.com>; lgillon@wellsmar.com
**Subject:** Liberty Mutual Fire Insurance Company, as subrogee of Chickasaw County School District v. Fowlkes Plumbing, LLC, et al.

The attached is being sent on behalf of Jay M. Goldstein. Thank you.

Susan Johnson
SALTZ MATKOV P.C.
6805 Morrison Boulevard
Suite 470
Charlotte, NC 28211
Tel: 704-910-2680
sjohnson@saltzmatkov.com
www.saltzmatkov.com



**EXHIBIT "2"**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**Case No.: 18-90021**

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | PLAINTIFF/ RESPONDENT |
| VS. | |
| FOWLKES PLUMBING, LLC, QUALITY HEAT & AIR, INC., and SULLIVAN ENTERPRISES, INC. | DEFENDANTS/ PETITIONERS |

# OPPOSED MOTION TO DISMISS PETITIONERS' PETITION FOR PERMISSION TO APPEAL UNDER § 1292(b) AND MOTION TO CERTIFY QUESTION TO THE SUPREME COURT OF MISSISSIPPI FOR LACK OF JURISDICTION

SALTZ MATKOV P.C.

/s/ Jay M. Goldstein
Jay M. Goldstein
NC Bar No.: 22721
Albert S. Nalibotsky
NC Bar No.: 19478
6805 Morrison Blvd., Suite 470
Charlotte, North Carolina 28211
Phone: 704-910-2680

/s/ Lana E. Gillon
Lana E. Gillon
MS Bar No.: 9548
Wells Marble & Hurst, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, MS 39157
Telephone: 601-606-6900
Facsimile: 601-605-6901

*Counsel for Plaintiff/Respondent*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

Liberty Mutual Fire Insurance Company, Plaintiff/Respondent.

Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc.

LMHC Massachusetts Holdings Inc. owns 100% of the stock of Liberty Mutual Group Inc.

Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Fire Insurance Company.

None of the above entities are public companies.

Jay M. Goldstein and Albert S. Nalibotsky, Saltz Matkov P.C., attorneys for Plaintiff/Respondent.

Lana E. Gillon, Wells Marble & Hurst, PLLC, attorneys for Plaintiff/Respondent.

Fowlkes Plumbing, LLC, Defendant/Petitioner.

Richard T. Lawrence, Watkins & Eager PLLC, attorneys for Defendant/Petitioner Fowlkes Plumbing, LLC.

Quality Heat & Air, Inc., Defendant/Petitioner.

Marc A. Biggers and Steven C. Cookston, Upshaw Williams Biggers & Beckham, LLP, attorneys for Defendant/Petitioner Quality Heat & Air, Inc.

Sullivan Enterprises, Inc., Defendant/Petitioner.

Brian Hinton and Thomas Wright, Anderson, Crawley & Burke, PLLC, attorneys for Defendant/Petitioner Sullivan Enterprises, Inc.

Samuel C. Kelly and Lane Bobo, Brunini Attorneys at Law, attorneys for Defendant/Petitioner Sullivan Enterprises, Inc.

/s/ Jay M. Goldstein
JAY M. GOLDSTEIN
ALBERT S. NALIBOTSKY
Counsel of Record for Respondent Liberty Mutual Fire Insurance Company

/s/ Lana E. Gillon
LANA E. GILLON
Counsel of Record for Respondent Liberty Mutual Fire Insurance Company

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .................................. ii

TABLE OF AUTHORITIES ........................................................ v

MOTION TO DISMISS ............................................................. 1

CERTIFICATE OF SERVICE .................................................. 6

# TABLE OF AUTHORITIES

## CASES

*Aparicio v. Swan Lake* 643 F.2d 1109, 1111 (5th Cir. 1981)……………….. 3, 4

*Aucion v. Matador Services, Inc.*, 749 F.2d 1180,1181 (5th Cir. 1985)…….. 4

## STATUTES

28 U. S. C. § 1292 (b)……………………………………………………….... 2

## FEDERAL RULES OF APPELLATE PROCEDURE

FRAP 5 APPEAL BY PERMISSION……………………………………….... 2

FRAP 26 COMPUTING AND EXTENDING TIME …………………….... 2

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
Case No.: 18-90021**

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | PLAINTIFF/ RESPONDENT |
| VS. | |
| FOWLKES PLUMBING, LLC, QUALITY HEAT & AIR, INC., and SULLIVAN ENTERPRISES, INC. | DEFENDANTS/ PETITIONERS |

**OPPOSED MOTION TO DISMISS PETITIONERS' PETITION FOR PERMISSION TO APPEAL UNDER § 1292(b) AND MOTION TO CERTIFY QUESTION TO THE SUPREME COURT OF MISSISSIPPI FOR LACK OF JURISDICTION**

TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:

Respondent Liberty Mutual Fire Insurance Company files this Motion to Dismiss Petitioners' Petition for Permission to Appeal Under § 1292 and Motion To Certify Question to the Supreme Court of Mississippi (hereafter referred to as "Petition for Permission to Appeal") as it is untimely:

1. Petitioners filed their Petition for Permission to Appeal in this Court on May 18, 2018 seeking permission to appeal the District Court's denial of summary judgment.

2. The District Court entered its Order granting the Petitioners'' Motion for Certification for Interlocutory Appeal on May 7, 2018. *See* Petitioners' Petition for Permission to Appeal attached as Appendix 1.

3. Rule 5 of the Federal Rules of Appellate Procedure provides as follows:

FRAP 5. APPEAL BY PERMISSION

(a) Petition for Permission to Appeal.

(1) ********

(2) The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.

4. The statute governing the timing of the filing a petition for permission to file an interlocutory appeal is 28 U. S. C. § 1292 (b). The relevant portion of this section setting forth the time in which such a petition must be filed states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. **The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order**:.(Emphasis added)

5. Rule 26 of the Federal Rules of Appellate Procedure provides as follows:

FRAP 26 COMPUTING AND EXTENDING TIME

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

1. Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:

> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

6. The application of the above cited rules of Appellate Procedure and the statutory provision governing the period of time for filing a permission to appeal required Petitioners' to have filed their Petition for Permission to Appeal within 10 days from May 7, 2018, the day the District Court entered its Order granting Petitioners' Motion for Certification for Interlocutory Appeal. The 10 day period expired on May 17, 2018.

7. Petitioners' Petition for Permission to Appeal was not filed with this Court until May 18, 2018.

8. The Petitioners' untimely filing of their Petition for Permission to Appeal deprives this Court of jurisdiction to hear this appeal. As this court stated in *Aparicio v. Swan Lake,* 643 F.2d 1109, 1111 (5th Cir. 1981):

> Failure to file an application for permission to appeal from an interlocutory order containing the certification statement within the ten-day period prescribed by 28 U.S.C. § 1292(b) and Rule 5(a), Fed.R.App.P., is a jurisdictional defect that deprives the appellate court of power to entertain the appeal. The Federal Rules of Appellate Procedure specifically preclude enlargement of this period by the court of appeals, Rule 26(b), Fed.R.App.P., and there is no statutory authority allowing the district court to extend the time period. 9 Moore's Federal Practice P 205.03(2), at 5-8 (2d ed. 1980).

9. This Court in *Aucion v. Matador Services, Inc.*, 749 F.2d 1180,1181 (5th Cir. 1985) reiterated its holding in *Aparicio* when the Court stated that "in the absence of a timely request for permissive appeal under Fed.R.App.P. 5(a), we lack jurisdiction to consider granting a discretionary appeal."

10. This Court lacks jurisdiction to hear this appeal from an interlocutory order. Hence, Petitioner's Petition for Permission to Appeal should be dismissed.

Wherefore, for the foregoing reasons, Respondent Liberty Mutual Fire Insurance Company respectfully requests that Petitioners' Petition for Permission to Appeal be dismissed.

Respectfully submitted this 24th day of May, 2018.

SALTZ MATKOV P.C.

/s/ Jay M. Goldstein
Jay M. Goldstein
NC Bar No.: 22721
Albert S. Nalibotsky
NC Bar No.: 19478
6805 Morrison Blvd., Suite 470
Charlotte, North Carolina 28211
Phone: 704-910-2680
Email: jgoldstein@saltzmatkov.com
analibotsky@saltzmatkov.com

/s/ Lana E. Gillon

Lana E. Gillon
MS Bar No.: 9548
Wells Marble & Hurst, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, MS 39157
Telephone: 601-606-6900
Facsimile: 601-605-6901
Email: lgillon@wellsmar.com

*Counsel for Plaintiff/Respondent*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was caused to be served electronically upon the following counsel of record through the CM/ECF system, on this the 24th day of May, 2018.

Richard T. Lawrence
Watkins & Eager PLLC
P.O. Box 650
Jackson, MS 39205

Marc A. Biggers
Steven C. Cookston
Upshaw Williams Biggers & Beckham, LLP
P.O. Box 8230
Greenwood, MS 38935-8230

Brian A. Hinton
Thomas Wright
Anderson Crawley & Burke, PLLC
P.O. Box 2540
Ridgeland, MS 39158

Samuel C. Kelly
R. Lane Bobo
Brunini Grantham Grower & Hughes, PLLC
P.O. Drawer 119
Jackson, MS 39205

Attorneys for Defendants/Petitioners

/s/ Jay M. Goldstein
Jay M. Goldstein

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**Case No.: 18-90021**

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | PLAINTIFF/ RESPONDENT |
| VS. | |
| FOWLKES PLUMBING, LLC, QUALITY HEAT & AIR, INC., and SULLIVAN ENTERPRISES, INC. | DEFENDANTS/ PETITIONERS |

**Attorney Certification of Conferring in Good Faith**

I have contacted opposing counsel for the Petitioners who advised that the Petitioners oppose the Motion to Dismiss the Petition for Permission to Appeal.

Dated: May 24, 2018

CERTIFIED TO THE COURT BY:

/s/ Jay M. Goldstein
PHV
North Carolina Bar No.: 22721
Counsel of Record for Respondent Liberty Mutual Fire Insurance Company

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
Case No.: 18-90021**

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | PLAINTIFF/ RESPONDENT |
| VS. | |
| FOWLKES PLUMBING, LLC, QUALITY HEAT & AIR, INC., and SULLIVAN ENTERPRISES, INC | DEFENDANTS/ PETITIONERS |

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

1. This document complies with [the type-volume limit of Fed.R.App.P. the word limit of Fed.R.App.P. 5(b) because, excluding the parts of the document excepted by Fed.R.App.P. 32(f)]:

this documents contains 1,714 words.

2. This document complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(6) because:

this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point.

/s/ Jay M. Goldstein

Attorney for Plaintiff/Respondent Liberty Mutual Fire Insurance Company

Dated: May 24, 2018

Case: 18-90021 Document: 14 Page: 37 Date Filed: 05/25/2018

| Due Date | B/A | Matter ID | Event ID and Description | Notified Attys |
|---|---|---|---|---|
| 33 - Lawrence, Richard T. | | | | |
| 05-21-18 | RTL | B0382-41273 | Brierfield Insurance Company<br>Liberty Mutual Fire Ins. Co. v. Fowlkes Plumbing, LLC et al. | |
| | | | APL Appeal Deadline<br>Petition for Interlocutory Appeal to the Fifth Circuit | RTL |



**EXHIBIT "3"**

## Susan Johnson

**From:** Jay Goldstein
**Sent:** Thursday, May 24, 2018 5:57 PM
**To:** Richard T. Lawrence
**Cc:** scookston@upshawwilliams.com; skelly@brunini.com; twright@acblaw.com; lbobo@brunini.com; analibotsky@saltzmatkov.com; lgillon@wellsmarble.com; bhinton@acblaw.com; mbiggers@upshawwilliams.com
**Subject:** Re: Liberty Mutual Fire Insurance Company v. Fowlkes Plumbing, LLC, et al

Dick

I have reviewed your recently filed motion to recertify the order for an interlocutory appeal. The motion admits that the defendants' petition for permission to appeal filed in the 5th Circuit was not timely. It would seem to me that you are obliged to inform the 5th Circuit that the defendants no longer oppose the motion to dismiss or withdraw the petition for permission to appeal as required by the rule cited to me, i.e. an attorney should act with candor toward the tribunal included within the Mississippi Rules of Professional Conduct.

If the defendants do not advise the 5th Circuit that they no longer oppose the motion to dismiss or do not withdraw their petition for permission to appeal, I will do so on behalf of the respondent. To maintain your opposition to the motion to dismiss or to not withdraw the petition is wasteful of the Court's time and effort

Jay M. Goldstein
Saltz Matkov P.C.
6805 Morrison Blvd.
Suite 470
Charlotte, NC 28211
Tel: 704-910-2680
jgoldstein@saltzmatkov.com
www.saltzmatkov.com

NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender. This notice is automatically appended to each e-mail leaving this senders e-mail domain. Thank you.

tabbies
EXHIBIT
C